UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., a national banking association; J.P. MORGAN SECURITIES LLC, a limited liability company,<br><br>　　　　　　Plaintiffs,<br>　v.<br><br>SUSAN KRAUS, an individual; and DOES 1 through 10,<br><br>　　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT FOR:**<br><br>(1) **DECLARATORY JUDGMENT DECLARING CLAIMS RAISED IN FINRA ARBITRATION AGAINST J.P. MORGAN SECURITIES LLC TO BE NOT ARBITRABLE;**<br><br>(2) **INJUNCTION OF FINRA ARBITRATION AS TO J.P. MORGAN SECURITIES LLC** |

Plaintiffs JPMorgan Chase Bank, N.A. ("JPMCB") and J.P. Morgan Securities, LLC ("JPMS") hereby allege:

**OVERVIEW**

1.　This case arises out of Defendant Susan Kraus's ("Kraus" or "Defendant") improper attempt to arbitrate claims against the wrong entity, JPMS, and in the wrong forum, FINRA arbitration. Kraus has no relationship with JPMS and only has an account relationship with JPMCB, who is the real party in interest here and therefore is the entity that will suffer the consequence if an arbitration against its affiliate, JPMS, is permitted to proceed.

2.　But JPMCB is not subject to any FINRA arbitration agreement with Kraus or other rule or law that permits FINRA arbitration because JPMCB is not a FINRA member. Knowing this, and knowing that Kraus has had no relationship with JPMS, no accounts with JPMS, and no legitimate reason to sue JPMS, Kraus has intentionally named the wrong party – JPMS – because as a registered broker-dealer, JPMS is required by FINRA Rule to arbitrate disputes. The FINRA

1

matter is captioned *Susan Kraus v. Francis Financial Inc. et al.*, FINRA No. 24-02072 (the "FINRA Arbitration"), and in it, Kraus seeks over $8,000,000 in damages.

3. As the real party in interest who actually has the relevant relationship with Kraus, JPMCB brings this action for a Declaration that the dispute between Kraus and JPMS is not subject to FINRA arbitration and for an injunction to halt the FINRA proceedings as to JPMS.

4. In exactly these circumstances, courts have enjoined a pending arbitration against the wrong legal entity. *See J.P. Morgan Chase Bank v. McDonald*, 760 F.3d 646, 650 (7th Cir. 2014) (enjoining FINRA arbitration against JPMS where claims pertained to a managed account held with JPMCB). This Complaint seeks the same relief.

## JURISDICTION AND VENUE

5. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. and Federal Rule of Civil Procedure 57 and for injunctive relief pursuant to Federal Rule of Civil Procedure 65(a).

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) (diversity of citizenship). Kraus seeks at least $8,000,000 in damages in its Statement of Claim filed with FINRA, which amount exceeds the amount-in-controversy requirement under 28 U.S.C. § 1332(a). Thus, the declaratory and injunctive relief here also meet the necessary minimum amount in controversy.

7. JPMCB is a citizen of the State of Ohio for the reasons set forth below in paragraph 10; JPMS is a citizen of the States of Delaware and New York for the reasons set forth below in paragraph 11; and Defendant is a citizen of the State of California for the reasons set forth below in paragraph 12. The parties are therefore diverse from one another under 28 U.S.C. § 1332(a).

8. This Court has personal jurisdiction over Defendant because this Complaint arises out of the JPMCB accounts Defendant has placed at issue in the FINRA Arbitration and transactions that all took place while Defendant was residing in and transacting business in New York. Additionally, the FINRA Arbitration over which the Declaration and injunctive relief are sought here is proceeding, by consent of Kraus and the parties to the arbitration, in New York.

9. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), because, as set forth in more detail herein, Defendant has consented to jurisdiction and venue in an appropriate court in the state where her accounts are located and because the related FINRA arbitration is taking place here. Moreover, a substantial part of the events or omissions giving rise to Defendant's claims in the FINRA Arbitration occurred in this judicial district. Thus, venue is proper in this district.

## THE PARTIES

10. JPMCB is a national banking association incorporated in the State of Ohio. Its principal place of business, as designated by its articles of incorporation, is located in Columbus, Ohio. Accordingly, JPMCB is a citizen of the State of Ohio.

11. JPMS is a Delaware limited liability company that has one member, J.P. Morgan Broker-Dealer Holdings Inc., which is incorporated in Delaware and has its principal place of business in New York. Therefore, JPMS is a citizen of both Delaware and New York.

12. Defendant, on information and belief, is domiciled in California and is therefore a citizen of the State of California.

## NATURE OF THIS ACTION

13. This is an action to (i) declare the claims raised by Defendant in the FINRA Arbitration against JPMS are not subject to arbitration, and (ii) enjoin the FINRA Arbitration as to JPMS. JPMCB has standing to pursue this claim because it, not JPMS, has the relevant

relationship with Kraus and therefore will be impacted by the result of any FINRA arbitration that takes place even though it has no obligation to arbitrate with Kraus in FINRA.

14. Defendant's claims raised in the FINRA Arbitration are set forth in its Statement of Claim, attached hereto as **Exhibit A**. Exhibit A is attached hereto and incorporated only to demonstrate that the claims stated and facts alleged in that exhibit have been asserted; the claims and facts stated therein are, unless specifically stated, disputed and not incorporated herein by reference.

## FACTUAL BACKGROUND

### A. Account Documents and Terms.

15. Defendant's four JPMorgan accounts at issue in the FINRA Arbitration Statement of Claim—account numbers ending with 9317, 6750, 0409, and 5012 (collectively, "Accounts")—are all deposit accounts held with JPMCB. (Ex. A at 10.) Indeed, the very account documents Defendant attached to the Statement of Claim expressly show that the relevant accounts at issue here are checking and savings accounts under JPMCB—not brokerage accounts under JPMS. (*See* Ex. A at Ex. 6.)

16. By opening the Accounts, Defendant agreed that her relationship was with JPMCB. She agreed to be bound by the terms of JPMCB's latest Deposit Account Agreement ("DAA"). This is apparent in the signature cards, account opening documents for the Accounts, and the deposit account bank statements she regularly received. For example:

17. For the account ending in 9317, Defendant agreed as follows on April 8, 2024: "By signing this Signature Card, I am applying to JPMorgan Chase Bank, N.A. (the Bank) to open the deposit account indicated above. . . . I acknowledge receipt of the Bank's Deposit Account Agreement . . . and agree to be bound by the terms and conditions contained therein as amended

4

from time to time." Attached hereto as **Exhibit B** is a true and correct copy of Defendant's April 8, 2024, signature card for account ending in 9317.

18. <u>For the account ending in 6750</u>, Defendant signed the same form on April 8, 2024 (attached hereto as **Exhibit C**), as well as a substantially similar form on September 26, 2011 (attached hereto as **Exhibit D**). The 2011 form states: "By signing this Signature Card, I am applying to JPMorgan Chase Bank, N.A. (the Bank) to open the deposit account indicated above…I acknowledge receipt of the Bank's *Account Rules and Regulations* or other applicable account agreement, which includes all provisions that apply to this deposit account . . . and agree to be bound by the terms and conditions contained therein as amended from time to time." (Ex. D.) JPMCB's 2011 *Account Rules and Regulations* (attached hereto as **Exhibit E**) include JPMCB's 2011 Deposit Account Agreement.

19. <u>For the account ending in 0409</u>, Defendant signed the 2011 version of the form on September 26, 2011 (attached hereto as **Exhibit F**).

20. <u>For the account ending in 5012</u>, Defendant signed the 2024 version of the form on April 8, 2024 (attached hereto as **Exhibit G**).

21. Accordingly, for each of the four accounts at issue in the Statement of Claim, Defendant has expressly agreed to be bound by the terms of JPMCB's latest DAA. Attached hereto as **Exhibit H** is JPMCB's 2024 DAA.

22. The DAA itself makes clear that Defendant's relationship was with JPMCB and that the DAA is the agreement that governs the Accounts. (*See* Ex. H at 1, 5.) And pursuant to the DAA, any claims or disputes related to the Accounts are subject to court litigation or to arbitration in either JAMS or before the American Arbitration Association, not in FINRA. (*Id.* at 25-26.)

23. JPMS is a registered broker dealer. It is not a bank. Kraus has no investment or other accounts with JPMS and has no relationship with JPMS.

**B.     Defendant's Claims are Not Subject to FINRA Arbitration.**

24. FINRA Rule 12200 ("Rule 12200") requires arbitration of customer disputes through FINRA if there is a written agreement so requiring or if the FINRA arbitration is requested by a customer and "the dispute is" 1) "between a customer and a [FINRA] member or associated person of a member" and 2) "[t]he dispute arises in connection with the business activities of the member or the associated person." Although Defendant named JPMS as a Respondent in the FINRA Arbitration, neither of the two requirements is met.

25. The FINRA Arbitration does not satisfy the first prong of Rule 12200 – i.e., a "written agreement so requiring" FINRA arbitration – because Defendant had no accounts or written agreements with JPMS, so there can be no written agreement requiring arbitration with JPMS.

26. The FINRA Arbitration also does not satisfy any element of the second prong of Rule 12200 because Defendant was not a "customer" of a "[FINRA] member" and the dispute did not "arise in connection with the business activities of the member." With respect to JPMS, while JPMS is a FINRA member, Defendant had no accounts with JPMS. (*See* Ex. A at Ex. 6). Therefore, Defendant was not JPMS's "customer," nor do Defendant's claims arise in connection with any "business activities" of JPMS.

27. With respect to JPMCB, it is not a FINRA member so the second prong of Rule 12200 cannot be satisfied. As the signature cards, account statements attached to the Statement of Claim, and the terms of the DAA itself make clear: (i) Defendant's relationship is with JPMCB as she holds only bank deposit accounts; (ii) Defendant's Accounts are governed by the

6

DAA; (iii) JPMS has no relationship with Defendant; (iv) Defendant has purchased no securities from JPMS; (v) Defendant has not engaged any brokerage or any other services from JPMS; and (vi) Defendant has no contracts or accounts with JPMS.

28. In short, the only entity with the relevant account relationship with Defendant is JPMCB, and JPMCB is not a FINRA member, does not submit to FINRA jurisdiction, and is therefore not subject to FINRA arbitration.

29. Accordingly, Defendant has no right to compel arbitration of its Statement of Claim in FINRA against JPMS.

C. **A Real and Present Controversy Exists Over Whether Defendant May Require JPMS to Arbitrate Defendant's Claims.**

30. Counsel for Plaintiffs have contacted counsel for Defendant and requested that Defendant dismiss its FINRA Arbitration proceeding as to JPMS because FINRA arbitration is the improper forum for Defendant's claims as to JPMS. In the interim, counsel for Plaintiffs also requested a 21-day extension to Answer the Statement of Claim. Defendant's counsel declined to withdraw the FINRA claims as to JPMS, declined to grant the extension, and maintains that FINRA Arbitration is proper.

31. JPMS submitted its Answer to the Statement of Claim on November 20, 2024, reserving all rights, including to move to dismiss the FINRA Arbitration because Defendant is not a customer of JPMS.

## COUNT ONE

## DECLARATORY JUDGMENT

32. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Defendant does not meet the requirements to arbitrate against JPMS in FINRA pursuant to FINRA Rule 12200 because 1) there is no arbitration agreement governing the Accounts, and 2) there is no dispute between a "member" and its "customer" arising in connection with the "business activities of the member."

34. The DAA mandates that any claims or disputes related to the Accounts are subject to court litigation in an appropriate court in the state where the Accounts are located, or in arbitration in either JAMS or before the American Arbitration Association—not in FINRA.

35. Plaintiffs maintain that neither FINRA, nor FINRA arbitrators, have jurisdiction to resolve Defendant's FINRA Arbitration Claims as to JPMS.

36. The arbitrability of Defendant's claims against JPMS raised in the FINRA Arbitration constitutes an actual case or controversy because Defendant disputes Plaintiffs' position and maintains that its dispute is subject to FINRA arbitration.

37. The Federal Arbitration Act permits a court to decide threshold questions of arbitrability.

38. Declaratory relief by this Court will conclusively determine whether Defendant's claims as to JPMS in the FINRA Arbitration are arbitrable by FINRA.

39. Plaintiffs are entitled to a declaratory judgment that Defendant's claims as to JPMS in the FINRA Arbitration are not arbitrable.

## COUNT TWO

## INJUNCTION

40. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 39 of this Complaint as if fully set forth herein.

41. Defendant's claims as to JPMS in the FINRA Arbitration may not proceed because the claims are not arbitrable.

42. Plaintiffs are likely to succeed on the merits because Defendant's claims as to JPMS in the FINRA Arbitration are not arbitrable by FINRA.

43. Plaintiffs will suffer irreparable injury if injunctive relief is not granted.

44. The potential harm to Defendant from granting an injunction is both slight and unlikely.

45. The balance of equities tips sharply in favor of granting injunctive relief.

46. Plaintiffs are entitled to a preliminary and permanent injunction preventing Defendant from proceeding with its claims against JPMS in the FINRA Arbitration.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for judgment against Defendant as follows:

1. Declaratory judgment in favor of Plaintiffs and against Defendant, stating that Defendant's claims in the FINRA Arbitration as to JPMS are not arbitrable by FINRA;

2. A preliminary and permanent injunction restraining and enjoining Defendant and its representatives, attorneys, agents, servants, employees, partners, or anyone else acting on its behalf from filing any further pleadings, motions, papers or other filings in the FINRA Arbitration as to JPMS, except to the extent necessary to inform FINRA and/or the arbitrators of this proceeding; and

3. Granting Plaintiffs their costs and such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

Dated: January 24, 2025                    GREENBERG TRAURIG, LLP

                                           By:  */s/ Mark L. Parmelee*
                                                Mark L. Parmelee
                                                Karin L. Bohmholdt (*Pro Hac Vice* forthcoming)

                                                *Attorneys for Plaintiff*
                                                *JPMorgan Chase Bank, N.A and.*
                                                *J.P. Morgan Securities LLC*